**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **JAMON DEMETRIUS JACKSON,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:19-cv-132 (MTT)** |
| ) | |
| **JOAN HEATH,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Plaintiff Jamon Jackson moves for reconsideration of the Court's Order denying his motion for partial summary judgment. Doc. 104.[1]  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga., L.R. 7.6 (emphasis added).  Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.*  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water*

---

[1] Although Jackson styled his motion as a "motion objection to order," the proper procedural vehicle to address his concerns with the Court's Order is a motion for reconsideration.  Doc. 104 at 1.

*Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  Here, Jackson has raised no change in the law, newly discovered evidence, or clear error in the Court's previous Order.  Accordingly, his motion for reconsideration (Doc. 104) is **DENIED**.

      **SO ORDERED**, this 7th day of October, 2020.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT